IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROGER FRALEY § | |
|       Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:11-CV-1060-N-BK |
| § | |
| BAC HOME LOANS SERVICING, LP, § | |
| et al, § | |
|       Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's Order of Referral (Doc. 18), the undersigned now considers Defendants' *Motion for Summary Judgment* and supporting brief, to which Plaintiff has not responded. (Doc. 27). Based on the pleadings, evidence, and applicable law, the Court finds that Defendant's motion is well taken and should be **GRANTED.**

**I. BACKGROUND**

On April 19, 2011, Plaintiff Roger Fraley brought this suit in state court against Bank of America Home Loans Servicing (BAC) and the Federal National Mortgage Association (Fannie Mae), in connection with the foreclosure of his home. (Doc. 1-1 at 4-10). In his Petition, Plaintiff alleged causes of action for: 1) breach of contract and anticipatory breach of contract; 2) breach of common law tort of unreasonable collection efforts; 3) violations of the Texas Debt Collections Practices Act (TDCPA) and the Texas Deceptive Trade Practices Act (DTPA); 4) an accounting; 5) suit to quiet title and trespass to try title; 6) negligent misrepresentation/gross negligence; and 7) a declaratory judgment. *Id*. at 10-16. Plaintiff also requested a temporary restraining order (TRO). Id. at 10. Subsequently, upon removal to this Court and Defendants' motion, Plaintiff's claims arising under the Deceptive Trade Practices Act and for anticipatory

breach of contract, unreasonable collection efforts, negligent misrepresentation, and gross negligence were dismissed with prejudice. (Docs. 8, 19-20). Although Plaintiff was granted leave to amend his unreasonable collection efforts and negligent misrepresentation claims, he failed to do so. (Doc. 19 at 18). Defendants now move for summary judgment on Plaintiff's remaining claims. (Doc. 27).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotes omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted). Unsubstantiated beliefs are not competent summary judgment evidence. *de la O v. Housing Authority of City of El Paso*, 417 F.3d 495, 502 (5th Cir. 2005).

However, the district court cannot grant a motion for summary judgment merely because a plaintiff has failed to file a response to it. *Hibernia National Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985), citing *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985). A summary judgment movant always has the burden of establishing the absence of a genuine issue of material fact, and unless it has done so, the district court may not grant summary judgment, notwithstanding the fact that the non-movant has failed to respond. *Id. at* 708. Nonetheless, the district court may accept as undisputed any facts listed in support of the motion for summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Accordingly, if the movant's uncontested submissions establish a prima facie entitlement to summary judgment, the court properly may grant summary judgment in favor of movant.

### III.  ANALYSIS

*Breach of Contract Claim*

Under Texas law, to prove breach of contract, a plaintiff must show: (1) the existence of a valid contract; (2) that he performed or tendered performance under the contract; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages as a result of the breach. *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003) (citations omitted). Plaintiff's breach of contract claims are premised on Defendant's (1) violations of the Texas Property Code, (2) failure to inform Plaintiff of the amount required to reinstate the note, (3) adding the costs of payment of unnecessary insurance and erroneous taxes to Plaintiff's escrow account, resulting in an increased monthly payment, and (4) wrongly refusing to accept Plaintiff's mortgage payments. (Doc. 1-1 at 10-11).

Defendants' argue in their motion for summary judgment, *inter alia*, that Plaintiff cannot prove the first element, that is, that he performed under the contract (the Deed of Trust).[1] (Doc. 27-1 at 14). Specifically, Defendants argue that Plaintiff failed to pay the property taxes when they came due and to maintain hazard insurance for the property, thus, forcing Defendant Bank of America (as successor to Countrywide Mortgage) to do both. *Id*. In support of their arguments, Defendants present the Deed of Trust which includes among its provisions that "Borrower shall pay all taxes" and "Borrower shall keep the . . . Property insured against loss by fire [and] hazards." (Doc. 27-3 at 14-15). Initially, Plaintiff agreed to the establishment of an escrow account for the payment of the property taxes and hazard insurance; however, soon after making his first mortgage payment under the terms of the Deed of Trust, Plaintiff contacted Bank of America and requested to cancel the escrow account – thereby assuming responsibility for direct payment of the property taxes and hazard insurance. (Doc. 27-3 at 4, 29, 32). However, Defendant Bank of America was forced to pay the 2008 and 2009 property taxes after the taxing entities filed lawsuits for the collection of the same. (Doc. 27-3, 39-43, Doc. 27-5 at 41-43, 52-55; Doc. 27-6 at 2-5, 10-16).[2] Subsequently, Defendant Bank of America was also forced to provide hazard insurance after the current policy expired and Plaintiff failed to provide proof of insurance as requested. (Doc. 27-5 at 42-43, 45; Doc. 27-6 at 7-8).

---

[1] Because the Court concludes that Defendants should be granted summary judgment on the bases explained herein, the Court does not reach the merits of their remaining arguments for summary judgment.

[2] Defendants' summary judgment evidence also includes its requests for admissions propounded to Plaintiff, which are deemed admitted since Plaintiff failed to respond to them. FED. R. CIV. P. 36(a)(3).

The burden now shifts to Plaintiff to direct the Court's attention to evidence in the record sufficient to establish a genuine issue of material fact. *Matsushita*, 475 U.S. at 587. Because Plaintiff did not respond to Defendants' motion for summary judgment, he is relegated to his unsworn pleadings, which cannot be used to defeat summary judgment. *See Solo Serve Corp. v. Westowne Associates*, 929 F.2d 160, 165 (5th Cir. 1991) (holding that the allegations in the plaintiff's unsworn complaint were insufficient to defeat summary judgment). Consequently, Defendants are entitled to the entry of summary judgment with respect to Plaintiff's breach of contract claim.

*Texas Debt Collections Practices Act Claim*

The TDCPA prohibits debt collectors from using threats, coercion, or other wrongful practices in the collection of consumer debts. *See Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986). A "debt collector" is one "who directly or indirectly engages in debt collection." TEX. FIN. CODE § 392.001(6). The TDCPA's definition of "debt collectors" encompasses creditors collecting their own debts. *Monroe v. Frank*, 936 S.W.2d 654, 659-60 (Tex.App.–Dallas 1996). Moreover, "the TDCPA applies to foreclosure actions." *Biggers v. BAC Home Loans Servicing*, LP, 767 F. Supp. 2d 725, 732 (N.D. Tex. February 10, 2011) (Fitzwater, C.J.).

Plaintiff alleges that Defendant Bank of America violated the TDCPA when it "deceptively put forced-placed insurance on Plaintiff's home even though it was already insured . . .[,] then added late fees and interest and deceptively increased Plaintiff [*sic*] escrow payments . . . [and] later stated reinstatement quotes that were not accurate and then deceptively foreclosed on Plaintiffs' [*sic*] property." (Doc. 1-1 at 14). Contrary to Plaintiff's allegations and as set out above in with respect to Plaintiff's breach of contract claim, Defendants have established that the

insurance was forced-placed only after the initial policy expired and Plaintiff failed to respond to Defendant Bank of America's request for proof of hazard insurance. (Doc. 27-5, 42-43, 45; Doc. 27-6 at 7-8). Plaintiff not directed the Court's attention to any evidence in the record to establish a genuine issue of material fact as to that issue.

Defendants' have also offered as evidence (1) the Reinstatement Calculation and Notice dated September 1, 2010, that was provided to Plaintiff after the recision of the first foreclosure sale[3] (Doc. 27-4 at 24-25); (2) the Reinstatement Calculation and Notice to Plaintiff dated September 22, 2010 (Doc. 27-4 at 26-28); and (3) correspondence to Plaintiff dated May 4, 2011, which included a detailed statement of the transactions posting to Plaintiff's account (Doc. 27-3 at 38-43). There is no proof in either document of a misrepresentation of the debt owed, and again, Plaintiff has pointed to nothing in the record to support that assertion.

Finally, although Plaintiff alleges that Defendants "deceptively" foreclosed on the property, the Court has not been directed to any evidence in the record to support that contention. Conversely, Defendants have offered competent summary judgment evidence that Plaintiff was in default under the terms of the Deed of Trust, and that Defendants provided proper notices of default, their intent to accelerate the note, and, ultimately, the foreclosure sale as required under the Texas Property Code. (Doc. 27-3 at 13, 19-21; Doc. 27-5 at 2-37). Accordingly, Defendants' motion for summary judgment should be also be granted as to this claim.

---

[3] It is uncontroverted that Defendants initially foreclosed on Plaintiff's property on June 1, 2010, but rescinded the sale to give Plaintiff an opportunity to cure the default. However, when Plaintiff failed to tender the total amount due, the property was again sold at foreclosure sale on February 12, 2011.

*Quiet Title/Trespass to Try Title Action*

A trespass-to-try-title action is the exclusive remedy for parties to resolve competing claims to real property. *See* TEX. PROP. CODE § 22.001. Any suit that involves a dispute over title to land is, in effect, an action in trespass-to-try title, regardless of whether legal or equitable relief is sought. *Jordan v. Exxon Corp.*, 802 S.W.2d 880, 883 (Tex.App.–Texarkana 1991). To prevail on a trespass-to-try-title claim, a party must: (1) prove a regular chain of conveyances from the sovereign; (2) establish superior title out of a common source; (3) prove title by limitations; or (4) prove title by prior possession coupled with proof that possession was not abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). Relatedly, the principal issue in a suit to quiet title is the existence of a cloud that a remedy in equity will remove. *See Bell v. Ott*, 606 S.W.2d 942, 952 (Tex.Civ.App.–Waco 1980). The plaintiff's goal in such an action is to have the defendant's claims to the property declared to be unfounded. *See Temple Trust Co. v. Logan*, 82 S.W.2d 1017, 1019 (Tex.Civ.App.– Amarillo 1935).

In his petition, Plaintiff alleges that he has title superior to that of Defendant Fannie Mae, because the foreclosure sale of his home was void due to BAC's illegal actions. (Doc. 1-1 at 10, 15); *Martin*, 133 S.W.3d at 265. *See also First Southern Properties, Inc. v. Vallone, Tex.*, 533 S.W.2d 339, 341 (Tex. 1976) (A purchaser of property at a foreclosure sale obtains only such title as the trustee actually had authority to convey). As previously discussed in detail, Defendants' have made a prima facie case that the foreclosure sale was valid, thus, superior title passed to Fannie Mae. Again, Plaintiff has wholly failed to direct the Court's attention to evidence in the record sufficient to establish a genuine issue of material fact in this regard.

*Matsushita*, 475 U.S. at 587. Thus, the Court should grant summary judgment in favor of Defendants on this claim as well.

### *Request for Declaratory Relief*

Although not specifically mentioned in Defendants' motion for summary judgment, Plaintiff's request for declaratory judgment also cannot survive. When a case is removed from state to federal court, a declaratory action is converted to one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. *Marsh v. Wells Fargo Bank, N.A.*, 760 F.Supp.2d 701, 709 n.4 (N.D. Tex. 2011) (citing *Ondova Ltd. v. Manila Indus., Inc.,* 513 F.Supp.2d 762, 775 n. 12 (N.D.Tex. 2007) (Fitzwater, J.)). That Act provides that any federal court may declare the rights and other legal relations of any interested party. However, the availability of a declaratory judgment depends upon the existence of a judicially-remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).

Plaintiff's request for declaratory judgment survived Defendants' Rule 12(b)(6) motion only because several of Plaintiff's claims also survived. Now, because Defendants are entitled to summary judgment on all Plaintiff's remaining claims for the reasons stated herein, there no longer exists a judicially- remediable right and, consequently, no right to declaratory relief.

## III. CONCLUSION

For the reasons stated above, it is recommended that Defendants' *Motion Summary Judgment* (Doc. 27) be **GRANTED**, and that the Court enter final judgment for Defendants in this case.

SIGNED July 1, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE